IN THE UNITED STATED DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BECKY ARPS, RENE ARTMAN, ADAM BOHN, TIM FITCH, MARK HARDER, LISA KALISKI, KELLY STAVROS, ERNIE TRAKAS and RICHARD WOLFE, <br><br> Plaintiffs, <br><br> v. <br><br> ROBERT L. CHAMBERS, MARSHA E. HAEFNER, FLORENCE L. HILL and PATRICIA YAEGER, in their capacity as members of the St. Louis County Board of Election Commissioners, the ST. LOUIS COUNTY BOARD OF ELECTION COMMISSIONERS, <br><br> Defendants. | Case No. |

## COMPLAINT

COMES NOW Plaintiffs BECKY ARPS, RENE ARTMAN, ADAM BOHN, TIM FITCH, MARK HARDER, LISA KALISKI, KELLY STAVROS, ERNIE TRAKAS, and RICHARD WOLFE (collectively "Plaintiffs"), by and through counsel Spooner Law, LLC, and for their Complaint and causes of action against ROBERT L. CHAMBERS, MARSHA E. HAEFNER, FLORENCE L. HILL and PATRICIA YAEGER, in their capacity as members of the St. Louis County Board of Election Commissioners and the ST. LOUIS COUNTY BOARD OF ELECTION COMMISSIONERS (together the "Board" and collectively "Defendants"), and state to the Court as follows:

*Parties*

1. Plaintiff BECKY ARPS ("Arps") is a citizen, resident and registered voter residing in St. Louis County Council District 1 at 1 Nob Hill Lane, 63130, and is a member and chairperson of the St. Louis County Bipartisan Reappointment Commission (the "Reappointment Commission").

2. Plaintiff RENE ARTMAN ("Artman") is a citizen, resident and registered voter residing in St. Louis County Council District 3.

3. Plaintiff ADAM BOHN ("Bohn") is a citizen, resident and registered voter residing in St. Louis County Council District 3 at 478 Valparaiso, 63088, and is a member and secretary of the Reappointment Commission.

4. Plaintiff TIM FITCH ("Fitch") is a citizen, resident and registered voter residing in St. Louis County Council District 3 at 13115 Mill Crossing Court, 63141, and is the elected representative and councilperson for St. Louis County Council District 3.

5. Plaintiff MARK HARDER ("Harder") is a citizen, resident and registered voter residing in St. Louis County Council District 7 at 542 Lering Court, 63011, and is the elected representative and councilperson for St. Louis County Council District 7.

6. Plaintiff LISA KALISKI ("Kaliski") is a citizen, resident and registered voter residing in St. Louis County Council District 1 at 1541 Moonlight Drive, 63135.

7. Plaintiff KELLY STAVROS ("Stavros") is a citizen, resident and registered residing in St. Louis County Council District 1 at 8006 Gannon Ave., 63130.

8. Plaintiff ERNIE TRAKAS ("Trakas") is a citizen, resident and registered voter residing in St. Louis County Council District 6 at 3900 Butler Hill Road, 63129, and is the elected representative and councilperson for St. Louis County Council District 6.

Case: 4:21-cv-01410-HEA   Doc. #:  1   Filed: 11/30/21   Page: 3 of 14 PageID #: 3

9. Plaintiff RICHARD WOLFE ("Wolfe") is a citizen, resident and registered voter residing in St. Louis County Council District 1 at 8812 Paddington, 63121.

10. Defendant ROBERT L. CHAMBERS ("Chambers") is named in his capacity as a member of the St. Louis County Board of Election Commissioners.

11. Defendant MARSHA E. HAEFNER ("Haefner") is named in her capacity as a member of the St. Louis County Board of Election Commissioners.

12. Defendant FLORENCE L. HILL ("Hill") is named in her capacity as a member of the St. Louis County Board of Election Commissioners.

13. Defendant PATRICIA YAEGER ("Yaeger") is named in her capacity as a member of the St. Louis County Board of Election Commissioners.

14. Defendant ST. LOUIS COUNTY BOARD OF ELECTION COMMISSIONERS is the election authority for St. Louis County, Missouri, constituted under RSMo Chapter 115, and is responsible to protect the integrity of the voting process by accurately, securely, and efficiently conducting all elections in St. Louis County.

15. This action is brought against the Board in their official capacities and more particularly as the officers and governmental entity responsible for elections in St. Louis County, charged with the administration of the County Council districts herein affected. At all times relevant herein the Board was acting under color of the Constitution, statutes, regulations, customs and usages of the State of Missouri.

16. Nonparty SAM PAGE ("Page") is the St. Louis County Executive and is referenced in his official capacity, who at all times relevant herein was acting under color of the Constitution, statutes, regulations, customs and usages of the State of Missouri.

3

17. Nonparty ST. LOUIS COUNTY ("County") is a constitutional charter county and a political subdivision of the State of Missouri.

18. Nonparty Republican members of the Reappointment Commission ("Republican Members") were duly appointed by Page charged with redrawing the seven County Council district boundaries based on decennial census population numbers so that there is an equal number of residents in each district.

19. Nonparty Democratic members of the Reappointment Commission ("Democratic Members") were the duly appointed by Page charged with redrawing the seven County Council district boundaries based on decennial census population numbers so that there is an equal number of residents in each district.

20. Plaintiffs seek, among other things, to have the Court declare that the present boundaries of the seven County Council districts violate the requirements of the Constitution of the United States and of the State of Missouri, approve and adopt a plan of apportionment dividing St. Louis County into seven County Council districts that are contiguous, compact, and as nearly equal in population as possible while protecting minority voting rights, protect the constitutional rights of Plaintiffs and the residents and registered voters of St. Louis County from the actions of Page and the County that violate constitutional rights, discriminate against Republican voters in choosing a redistricting plan, and deliberately and arbitrarily distorting the boundaries of the Districts and population therein for partisan or personal political purposes.

*Jurisdiction and Venue*

21. Plaintiffs bring this action because of the violation of their rights conferred by the Fourteenth Amendment of the Constitution of the United States, 42 U.S.C. §§ 1983 and 1988, and Article I, Section 2 of the Missouri Constitution.

22. This Court has jurisdiction over this action under the provisions of 28 U.S.C. § 1343(a)(3), 42 U.S.C. § 1983 and federal principles of pendent jurisdiction.

23. An actual controversy exists between Plaintiffs and Defendants so that this Court may declare the rights and other legal relations of the parties under 28 U.S.C. § 2201 and may grant further relief under 28 U.S.C. § 2202.

24. The claims of Plaintiffs arose in the Eastern District of Missouri, where Plaintiffs reside and are registered to vote. St. Louis County lies within the Eastern District of Missouri; therefore, venue lies within the District Court for the Eastern District of Missouri by virtue of 28 U.S.C. § 1391(b).

***Reapportionment Under the St. Louis County Charter***

25. Section 2.020 of the St. Louis County Charter (the "Charter") requires St. Louis County be divided into seven single member St. Louis County Council districts (the "Districts").

26. Section 2.035 of the Charter provides for appointment of the Reapportionment Commission by the St. Louis County Executive every ten (10) years for the purpose of adopting a plan for reapportionment of the Districts based upon the most recent decennial census.

27. According to the 2020 census, a shift in population from 2010 to 2020 has occurred such that the population of the Districts are not equally apportioned. As a result, the vote of every qualified resident of St. Louis County is not given equal weight to the vote of other residents causing the current apportionment to violate the "one person - one vote" rule.

28. Section 2.035 of the Charter states, in part:

> "… The commission shall reapportion the council districts by dividing the population of the county by number of council districts established by this charter so that the population of each district shall, as near as possible, equal that figure and so that each district shall be composed of contiguous territory as compact as may be. Not later than six months after the population of St. Louis County is reported to the president of the United States after each decennial census or six

months after the appointment of the commission by the county executive, whichever is later, the commission shall file with the county clerk and with the office or officer charged with conducting elections in the county a final statement of the numbers and the boundaries of the districts together with a map of the districts… ." St. Louis County Charter, Article II, Part 1, Section 2.035.

29. On or about August 19, 2021, Page appointed 14 members to the Reapportionment Commission (7 Democrats and 7 Republicans) as mandated by the Charter.

30. Despite having reviewed the qualifications of each member prior to appointment, Page appointed two Republicans and one Democrat to the Reapportionment Commission who did not meet the requirements of the Charter which prohibits members from holding another public office or who do not reside in the district the member was appointed to represent.

31. Section 2.035 of the Charter mandates that vacancies in the Reapportionment Commission be filled by Page from the same political party to serve in the same district as the former member.

32. On or about November 1, 2021, Page appointed John Kelly to fill the vacancy as a District 2 Republican member of the Reapportionment Commission.

33. On or about November 8, 2021, Page appointed Scott Musgrave to fill the vacancy as a District 4 Republican member of the Reapportionment Commission.

34. Pursuant to the Charter's provisions the term of the Reapportionment Commission expired as of 12:01 a.m. on November 29, 2021.

35. Prior to the expiration of its term the Reapportionment Commission neither adopted a reapportionment plan nor filed a final statement of reapportionment for the Districts based upon the 2020 census results as described under the Charter.

36. The Charter does not provide a procedure for extending or reconvening the Reapportionment Commission, nor does the Charter provide any mechanism to reapportion the

6

Districts in the event the Reapportionment Commission fails to agree the boundaries of the Districts during its term.

37. Councilpersons for the Districts must be elected from each district and may not be elected at large pursuant to Sections 2.020, 2.040, and 2.160 of the Charter.

38. The first day for filing a declaration of candidacy for the 2022 general/primary election for the County Council is February 22, 2022, and the last day for filing is March 29, 2022.

39. The Reapportionment Commission's failure to reapportion the Districts prior to the expiration of its term, and the inability to hold 2022 County Council elections from the presently existing Districts due to inequality in population, requires, for the free and fair exercise of Plaintiffs' rights, an apportionment of the population in the Districts before February 22, 2022, the first day County Council candidates can file for the 2022 primary/general election, such as to satisfy federal and state constitutional requirements.

40. Furthermore, due to the status quo potential candidates and incumbents cannot determine whether to run for election or reelection to the County Council because of the uncertainty as to the boundaries of the Districts.

41. Resolution of the reapportionment of the Districts by this Court is required before February 22, 2022 so potential candidates can decide whether to undertake and/or campaign for a councilperson position on the County Council for the 2022 election cycle.

*Presentation of Reapportionment Maps*

42. Pursuant to the St. Louis County Council District Apportionment report prepared by James Washburn dated October 11, 2021, the population change in the Districts are as follows:

|            | 2010   | 2020   | Difference |
|------------|--------|--------|------------|
| District 1 | 143027 | 128072 | -14955     |
| District 2 | 144783 | 147011 | 2228       |
| District 3 | 142780 | 149509 | 6729       |
| District 4 | 140948 | 138188 | -2760      |
| District 5 | 142478 | 148852 | 6374       |
| District 6 | 141793 | 145063 | 3270       |
| District 7 | 143331 | 147516 | 4185       |

43. At the November 8, 2021 meeting of the Reapportionment Commission, the Democratic Members and the Republican Members each presented their respective first proposed maps for the reapportionment of the Districts ("Maps 1").

44. Republican Members' Maps 1 included *de minimis* boundary changes and shifted small areas in certain Districts to apportion the population due to the loss of population in District 1 and District 4 to create equality of population among the Districts, maximize geographic compactness, and to protect minority voting rights.

45. Democratic Members' Maps 1 included radical boundary changes and shifted large areas in each of the Districts and included racial gerrymandering of District 1 by significantly reducing the minority population therein and included partisan gerrymandering of District 3 by redistricting councilperson Fitch out of his district and into District 4 for, among other reasons, partisan purposes and political retribution.

46. At the November 15, 2021 meeting of the Reapportionment Commission, the Democratic Members and the Republican Members each presented their respective second proposed maps for the reapportionment of the Districts ("Maps 2").

47. Republican Members' Maps 2 included *de minimis* boundary changes and shifted small areas in certain Districts to apportion the population to further a result that keeps, where possible, an entire municipality within a single County Council district.

48. Democratic Members' Maps 2 significantly deviated from its Maps 1 with boundary changes much more consistent with the current boundaries of the Districts and much more consistent with Republican Members' Maps 1 and Maps 2 and which reduced racial gerrymandering in District 1 and removed partisan gerrymandering in District 3.

49. On November 21, 2021, at the request of the Reapportionment Commission, several Republican Members and several Democratic Members met to discuss and draft a compromise map based on Maps 2 (the "Compromise Map") which was to be voted on during the meeting of the Reapportionment Commission that was scheduled for the following day.

50. At the November 22, 2021 meeting of the Reapportionment Commission, the Democratic Members unexpectedly refused to consider the Compromise Map, and surprisingly presented a third proposed map for the reapportionment of the Districts ("Map 3").[1]

51. Democratic Members' Map 3 deviated from its Maps 1 and Maps 2, and from the Compromise Map, with boundary changes that did not minimize racial gerrymandering in District 1 and reinserted partisan gerrymandering in District 3.

***Replacement of the Republican Members***

52. Under the Charter each political party submits names to Page of candidates to serve as a member of the Reapportionment Commission, and Page appoints each member from the list of candidates submitted, however, upon a vacancy Page is authorized to appoint a replacement member without having to consider a candidate submitted by a political party.

---

[1] The Republican Members did not present a new map at the meeting, indicating their respective Maps 2 was still on the table.

9

53. On information and belief, Page recruited and appointed John Kelly and Scott Musgrave to fill the vacancies pertaining to the Republican Members.

54. On information and belief, Page's appointments of John Kelly and Scott Musgrave were designed to shift the balance of power of the Reapportionment Commission to discriminate against Republican voters in choosing a redistricting plan.

## COUNT I

COMES NOW Plaintiffs, by and through counsel Spooner Law, LLC, and for Count I of the Complaint state to the Court as follows:

55. Plaintiffs, by this reference, hereby incorporate all paragraphs and averments in this Complaint as if fully set out herein.

56. This declaratory judgment action is brought to declare the rights and interests of the parties with respect to and associated with the reapportionment of the Districts as required by the Charter and which must be determined in compliance with the Constitutions of the United States and the State of Missouri.

57. Plaintiffs' interests herein are legally and equitably protectable interests.

58. Plaintiffs stand to suffer prejudice and damage as the current County Council Districts are in violation of the Fourteenth Amendment to the United States Constitution and Article I, Section 2 of the Missouri Constitution, unless the Court acts to approve a plan of apportionment and adopt same in accordance with federal and state constitutional requirements before February 22, 2022.

59. A controversy exists necessitating the Court to determine and/or declare the rights and interests of the parties including, but not limited to, a determination of the following matters:

      a)    that the current County Council district boundaries are in violation of the requirements of the Constitutions of the United States and Missouri;

      b)    that St. Louis County be divided into seven County Council Districts composed of contiguous territory as compact and nearly equal in population as possible;

      c)    that St. Louis County be divided into seven County Council Districts in compliance with the one person – one vote rule and in a manner that protects minority voting rights; and

      d)    that the Court direct Defendants to proceed with elections based thereon.

60.    The issues as described in this Complaint are ripe and appropriate for judicial resolution and a judicial determination is necessary and appropriate at this time under all circumstances

61.    Plaintiffs lack an adequate remedy at law.

WHEREFORE, based on the foregoing, Plaintiffs pray the Court enter an order and judgment on Count I as follows:

      i.    declaring that the current County Council district boundaries are in violation of the requirements of the Constitutions of the United States and Missouri Constitution;

      ii.    dividing St. Louis County into seven County Council Districts composed of contiguous territory as compact and nearly equal in population as possible and direct Defendants to proceed with elections based thereon;

      iii.    dividing St. Louis County into seven County Council Districts in compliance with the one person – one vote rule and to protect minority

11

    voting rights and direct Defendants to proceed with elections based thereon;

 iv. awarding Plaintiffs costs and attorney's fees pursuant to 42 U.S.C. §§ 1983 and 1988 or otherwise as allowed by law; and

 v. granting Plaintiffs such other and further relief, and any injunctive relief, that the Court determines is appropriate and/or the Court finds just and proper.

## COUNT II – APPLICATION OF VOTING RIGHTS ACT

COMES NOW Plaintiffs, by and through counsel Spooner Law, LLC, and for Count II of the Complaint state to the Court as follows:

62. Plaintiffs, by this reference, hereby incorporate all paragraphs and averments in this Complaint as if fully set out herein.

63. Plaintiffs seek to protect the rights afforded by the Voting Rights Act, 52 U.S.C. §10101 *et seq*., which prohibits any standard, practice or procedure which results in a denial or abridgement of the right of any citizen to vote on account of race, which prohibits vote dilution, and which ensures that the quantitatively equal votes of racial minorities are protected by the one person – one vote rule.

64. On information and belief, Democratic Members' Maps 1 and Maps 3 dilute the voting rights and impair the ability of a protected class to elect its candidates of choice on an equal basis with other voters as the minority groups in District 1 and District 4 are sufficiently large and geographically compact to constitute a majority in a properly drawn single district, the minority groups are politically cohesive, and the racial-bloc voting typically frustrates the election of the minority's' groups' preferred candidate.

65. As the Court is being called upon to approve and adopt a plan of apportionment in accordance with federal and state constitutional requirements, it is necessary under the totality of the circumstances that the Court protect the one person - one vote rule and the minority voting rights of the residents and registered voters in District 1 and District 4.

66. Plaintiffs seek a declaration and/or injunctive relief to protect and/or enforce any and all rights associated with the Voters Rights Act.

WHEREFORE, based on the foregoing, Plaintiffs respectfully request the Court enter a judgment and order on Count II by declaration or injunction adopting a plan of apportionment in compliance with the Voting Rights Act as well as in accordance with all federal and state constitutional requirements and voter protections, that under the totality of the circumstances the Court protect the one person – one vote rule and minority voting rights, that Plaintiffs be awarded their costs, including reasonable attorneys' fees, and for such other and further relief as the Court deems just and proper.

**COUNT III – ENFORCEMENT OF CONSTITUTIONAL PROTECTIONS**

COMES NOW Plaintiffs, by and through counsel Spooner Law, LLC, and for Count III of the Complaint state to the Court as follows:

67. Plaintiffs, by this reference, hereby incorporate all paragraphs and averments in this Complaint as if fully set out herein.

68. The Fourteenth Amendment to the United States Constitution and the Missouri Constitution guarantee population equality in local representation, guarantee the one person – one vote rule, and prohibit voter dilution, racial gerrymandering and partisan gerrymandering.

69. On information and belief, Democratic Members' Maps 1 and Maps 3, and the actions of Page, were intended to affect minority voting rights, curtail the one person – one vote

rule, and to deliberately and arbitrarily distort the boundaries of the Districts and population therein for partisan and/or personal political purposes.

70. As the Court is being called upon to approve and adopt a plan of apportionment in accordance with all federal and state constitutional requirements, it is necessary that the Court protect the constitutional rights of Plaintiffs so that minority voting rights are unaffected, so the one person – one vote rule is not discounted, and so the boundaries of the Districts and population therein are not deliberately and arbitrarily distorted for partisan and/or personal political purposes.

71. Plaintiffs seek a declaration and/or injunctive relief to protect and enforce any and all rights afforded by the United States Constitution and the Missouri Constitution.

WHEREFORE, based on the foregoing, Plaintiffs respectfully request the Court enter a judgment and order on Count III by declaration or injunction adopting a plan of apportionment in compliance with the United States Constitution and the Missouri Constitution, as well as in accordance with such other federal and state voter protections, that the Court protect minority voting rights, that the Court protect the one person – one vote rule, that the Court protect the boundaries of the Districts and population therein from deliberate and arbitrary distortion for partisan and/or personal political purposes, that Plaintiffs be awarded their costs, including reasonable attorneys' fees, and for such other and further relief as the Court deems just and proper.

                                          **SPOONER LAW, LLC**

                                          By /s/  *Jack B. Spooner*
                                              Jack B. Spooner   #38382
                                              34 North Brentwood Blvd., Suite 210
                                              St. Louis, Missouri 63105
                                              Phone: (314) 725-4300
                                              Facsimile: (314) 725-4301
                                              Email: jbs@spoonerlawllc.com
                                              ***Attorneys for Plaintiffs***